Patents; infringement; use by or for the Government; authorization or consent to infringement. — On September 3, 1976 the court entered the following order:
“We have for our consideration plaintiff’s request for review of the trial judge’s recommendation that the petition be dismissed for lack of jurisdiction. In this request, both the Government and the third party defendants have joined.
“Plaintiff’s amended petition alleged that his patent, a ‘Method and Means for Cutting Trees,’ had been infringed by the United States in that the Government permitted its con *294 tractors to use infringing equipment. The contractors involved were noticed by the Government and filed a joint answer. The trial judge thereupon issued an order scheduling a pretrial conference for April 5,1976.
“On January 28,1976, the same date the trial judge’s order was issued, the court rendered its decision in Carrier Corporation v. United States, 208 Ct. Cl. 678 (1976), which held that the United States is not liable to a patent holder for infringement, for alleged acts committed by contractors in the performance of a Government contract, unless the Government had authorized or consented to the use of the infringing equipment.
“The trial judge then issued an ‘Order to Show Cause on Dismissal of Action Under Eule 102(b) (1).’ This action was taken since the trial judge considered, in light of the Carrier decision, that plaintiff may not have stated a claim against the United States for which relief could be granted by this court. Plaintiff and all defendants responded to this order; a hearing was held on April 5, 1976, and oral argument followed. Testimony from witnesses and documentary vidence were received. Subsequently, the trial judge on his own motion, recommended dismissal of plaintiff’s petition as amended, under Eule 102(b) (1). We treat his recommendation as one made under Eule 54(b).
“After the filing of his amended petition, plaintiff had ample opportunity to engage in discovery, and did so for the purpose of seeking evidence which would show that the Government had authorized or consented to the use by its contractors of equipment which infringed plaintiff’s patent. However, plaintiff supported the unverified allegations of his petition only by his own affidavit which fails to state any facts showing that the contractors named in his petition used his apparatus with the authorization or consent of the Government. Furthermore, plaintiff failed to offer at the hearing any testimony or documentary evidence which would support the allegations of his amended petition.
“By contrast, the Government at the hearing presented two witnesses in its behalf and in addition, the contractors who allegedly used the infringed equipment, filed affidavits showing that no authorization or consent had been given by the *295 Government for the use of any such alleged infringing equipment.
“On the basis of the foregoing the court concludes that the recommendation of the trial judge should be adopted and that plaintiff’s first amended petition should be dismissed for lack of jurisdiction.
“it is therefore ordered that plaintiff’s first amended petition filed August 4,1975, be and the same is hereby dismissed.
“On May 19, 1976, after the filing of the trial judge’s recommendation for dismissal of the petition, plaintiff filed a second amended petition, which in addition to the allegations of his previous petition, included paragraph 14A, in which he alleges that the Corps of Engineers has directly used apparatus which is alleged to be an infringement of plaintiff’s patent, and this order is issued without prejudice to the resolution in future proceedings of the issue raised by said paragraph 14A. This portion of the case is remanded to the trial judge for his determination.
“This order is also issued without prejudice to plaintiff’s rights to pursue any claims which he may have against the third party defendants in a court of competent jurisdiction.”